UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Oscar Arturo Conde Chacon,

                        Petitioner,                              **MEMORANDUM & ORDER**
                                                                 26-CV-00631 (DG)

        -against-

Kenneth Genalo, *et al.*,

                        Respondents.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

On February 4, 2026, Petitioner – who is represented by counsel – filed a "Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) and Emergency Motion for Order to Show Cause & Temporary Restraining Order." *See* Petition, ECF No. 1; *see also* ECF No. 2. On February 6, 2026, the Court issued an Order (1) directing Respondents to show cause why a writ of *habeas corpus* should not be issued; (2) affording Petitioner an opportunity to file a reply; and (3) scheduling a hearing for February 11, 2026. *See* February 6, 2026 Order to Show Cause.

On February 9, 2026, Respondents filed their response to the February 6, 2026 Order, opposing the Petition. *See* ECF No. 8.

On February 11, 2026, Petitioner filed a motion, on consent, requesting, *inter alia*, an adjournment of the hearing scheduled to take place on February 11, 2026. *See* ECF No. 9. The Court granted the motion, adjourned the hearing *sine die*, and directed Petitioner to file a status letter by 5:00 p.m. on February 18, 2026. *See* February 11, 2026 Order.

On February 19, 2026, Petitioner filed a letter (erroneously dated February 11, 2026), apologizing for not complying with the February 18, 2026 deadline set by the Court and indicating that he seeks to amend the Petition in this action. *See* ECF No. 10. More specifically, Petitioner stated: "After the Respondent's letter brief where we received critical DHS

documents, we stand by the arguments made in our Petition but seek to amend it by this letter.  If the Court is not inclined to accept an amendment by this letter, we ask for one week to file an amended petition." *See* ECF No. 10 at 1.

On February 20, 2026, the Court issued an Order directing Petitioner to file an amended Petition by February 26, 2026.  *See* February 20, 2026 Order.  Petitioner failed to do so – or to respond in any way to the Court's February 20, 2026 Order.  *See generally* docket.

On February 27, 2026, the Court issued an Order *sua sponte* extending Petitioner's deadline to file an amended Petition, directing Petitioner to file an amended Petition by 10:00 a.m. on March 2, 2026.  *See* February 27, 2026 Order.  In its February 27, 2026 Order, the Court informed Petitioner that no further extensions would be granted and expressly warned Petitioner that failure to comply with the February 27, 2026 Order "will result in dismissal of this action without prejudice."  *See* February 27, 2026 Order.  Petitioner failed to comply with – or respond in any way to – the Court's February 27, 2026 Order.  *See generally* docket.

Petitioner has taken no action in this case since the issuance of the Court's Orders of February 20, 2026 and February 27, 2026, notwithstanding that Petitioner filed this action seeking "emergency" relief.  *See generally* docket.

As set forth below, dismissal of this action, without prejudice, is warranted.

\* \* \*

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'"  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure

2

to prosecute *sua sponte*." (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).  "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "No single factor is generally dispositive." *Id*.

Upon consideration of the relevant factors, dismissal of this action is warranted.  As set forth above, Petitioner has failed to comply with – *or respond in any way to* – the Court's Orders of February 20, 2026 and February 27, 2026 and Petitioner has taken no action in this case since the issuance of those Orders.  This is a significant period of inaction, particularly in the context of a request for "emergency" relief.  Here, after Petitioner expressly indicated that he wished to amend his Petition – in light of the receipt of additional information – and asked for one week to file an amended Petition should an amended Petition be required, the Court granted Petitioner's request for one week to file an amended Petition and directed that an amended Petition be filed by February 26, 2026.  Petitioner failed to file an amended Petition by that date and indeed, as noted, took no action in response to the Court's Order.  Subsequently – and notwithstanding Petitioner's failure to comply with the Court's February 20, 2026 Order – the Court *sua sponte* extended to March 2, 2026 Petitioner's deadline to file the required amended Petition and yet, to date, Petitioner has failed to file the required amended Petition.  The Court has a strong interest in managing its docket – including its significant docket of similar "emergency" *habeas corpus*

3

petitions.  Here, Petitioner's inaction hinders the Court's ability to do so, including the Court's ability to efficiently allocate judicial resources.  In addition, Respondents are likely to be prejudiced by further delay as Petitioner has inexplicably stalled this case.  Petitioner was expressly warned that failure to comply with the February 27, 2026 Order would result in dismissal of this action without prejudice.  The record suggests that a lesser sanction than dismissal without prejudice would not be effective, particularly given Petitioner's inexplicable failure to comply with the Court's Orders.  Of note, the Court has determined that rendering decision on the initial Petition is not appropriate, given the express request to amend and given that the original Petition did not account for certain relevant information, and the Court has determined that it is not incumbent upon the Court to cobble together Petitioner's initial Petition and February 19, 2026 letter in an attempt to have a proper Petition to evaluate – Petitioner has had sufficient time to file a proper amended Petition.

This action is dismissed, without prejudice, for failure to prosecute and to comply with Court orders.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated:  March 10, 2026
         Brooklyn, New York

4